RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/29/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CHARLES D. KING III          DOCKET NO. 14-cv-597 SEC. P

VERSUS          JUDGE DRELL

LYNN FRANCIS, ET AL.          MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Pro se Plaintiff Charles D. King III, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 20, 2014. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections incarcerated at the LaSalle Correctional Center in Olla, Louisiana. King names as defendants Lynn Francis and Lt. McFarlen, and he complains that a piece of legal mail sent to Plaintiff from a court was not provided to him in a timely manner.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Plaintiff's Allegations

On October 20, 2009, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Charles D. King pled guilty to several counts of distribution of marijuana and cocaine. He was sentenced to fifteen years of imprisonment on each count, to run concurrently with each other and his parole revocation. [Doc. #1, p.8] King was re-sentenced as a multiple offender to fifteen years

of imprisonment at hard labor, to run concurrently with his other sentences and parole revocation. He did not appeal his conviction or sentence.

Over three years later, on or about January 18, 2013, Plaintiff filed a writ of review in the Louisiana Fifth Circuit Court of Appeal challenging his habitual offender adjudication. The application was construed as an application for post-conviction relief and transferred to the lower court for review and consideration. [Doc. #1, p.6, 8]

On April 8, 2013, the 24th Judicial District Court ruled that Plaintiff's application for post-conviction relief challenging his habitual offender adjudication was untimely. Specifically, the Court found that, pursuant to LSA C.Cr.P. art. 930.8, King had two years from the date his conviction and sentence became final to file an application for post-conviction relief, unless he proved an exception to the time limitations of that statute. Because the time for filing had expired and because King did not meet any of the exceptions, his motion for relief was denied. [Doc. #1, p.8]

Although Defendant Lynn Francis's records indicated that Plaintiff was served with a copy of the order on April 26, 2013, he alleges that he was not provided with the ruling. Therefore, on or about June 4, 2013, Plaintiff filed a petition for writ of mandamus in the district court [Doc. #1, p.7] On July 19, 2013, the district judge denied King's motion because post-conviction relief

2

had been denied on April 8, 2013. [Doc. #1, p.7]

### Law and Analysis

Plaintiff infers that he was denied the constitutionally protected right of access to the courts by the defendants because he was not timely provided with the ruling from the 24th Judicial District Court. The right of access to the courts is not unlimited and includes only a reasonable opportunity to file ***non-frivolous legal claims*** challenging the prisoner's convictions or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Thus, in order to state a claim that he was denied the right of access to the courts, a plaintiff must demonstrate that his position as a litigant was *actually prejudiced*. See Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996)(per curiam)(citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)). The requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. Instead, a plaintiff must, at the very least, show that he was prevented from filing a non-frivolous pleading.

Assuming all of Plaintiff's allegations are true, he cannot show that he was prevented from filing any non-frivolous pleading. The delay in King's receipt of the ruling on post-conviction relief from the trial court does not change the fact that the motion was untimely filed in the first place. Plaintiff does not allege, nor do his exhibits indicate, that he met any of the exceptions

provided by law that would excuse the untimeliness of his application. Likewise, Plaintiff does not provide this Court with any allegations indicating that he would have been entitled to tolling of the limitations period. King has not alleged prejudice or actual injury. He has failed to "identify a 'nonfrivolous,' 'arguable' underlying claim" that he has been unable to pursue. See Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (quoting Lewis).

Finally, Plaintiff seeks punitive damages. His pleadings do not reflect any facts to show that the conduct of any defendant was motivated by evil intent or a criminal indifference that would entitle him to punitive damages. See Williams v. Kaufman County, 352 F.3d 994, 1015 (5th Cir. 2003)(noting standard requires "a subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations").

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

## Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to**

4

another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the Magistrate Judge is neither required nor encouraged. Timely objections will be considered by the District Judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 28d day of May, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE